Citation Nr: 1641971 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 13-05 889 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Entitlement to service connection for skeletal deterioration, claimed as secondary to service-connected residuals of fracture of the left tenth rib.

2. Entitlement to an evaluation in excess of 10 percent for residuals of fracture of the left tenth rib.


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

Jennifer R. White, Counsel


INTRODUCTION

The Veteran served on active duty with the United States Marine Corps from February 1956 to February 1959 and February 1964 to February 1968.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio, which denied the benefits sought on appeal. Jurisdiction lies with the RO in Los Angeles, California, where the Veteran resides. 

The Veteran testified at an August 2015 hearing held before the undersigned Veterans Law Judge via videoconference. A transcript of the hearing is associated with electronic records maintained in the Virtual VA system.

The Board has reviewed the Veteran's electronic claims file in the Veterans Benefits Management System (VBMS) as well as the electronic records maintained in the Virtual VA system to ensure consideration of the totality of the evidence.

The Board remanded the Veteran's claims in December 2015. The required development for the increased rating claim has been completed. Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Board remand). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue of entitlement to service connection for skeletal deterioration, claimed as secondary to service-connected residuals of fracture of the left tenth rib is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

For the entire appeal period, the Veteran's residuals of fracture of the left tenth rib has been manifested by pain with no other functional limitations. 


CONCLUSION OF LAW

The criteria for an increased rating, in excess of 10 percent, for residuals, fracture of the left tenth rib have not been met. 38 U.S.C.A. § 1155 , 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5297 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

VCAA

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014 & Supp. 2015); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). 

Proper notice from VA must inform the claimant of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

In addition, the notice requirements of the VCAA apply to all elements of a service-connection claim. Accordingly, notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

VCAA notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). Where complete notice is not timely accomplished, such error may be cured by issuance of a fully compliant notice, followed by readjudication of the claim. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); see also Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

In a claim for increase, the VCAA requires only generic notice as to the type of evidence needed to substantiate the claim, namely, evidence demonstrating a worsening or increase in severity of the disability and the effect that worsening has on employment, as well as general notice regarding how disability ratings and effective dates are assigned. Vazquez-Flores v. Shinseki, 580 F.3d 1270, 1277 (2009).

Here, the Veteran was sent a letter in February 2009 that fully addressed all notice elements and was issued prior to the initial RO decision in this matter. The letter provided information as to what evidence was required to substantiate the claim and of the division of responsibilities between VA and a claimant in developing an appeal. Moreover, the letter informed the Veteran of what type of information and evidence was needed to establish a disability rating and effective date. Accordingly, no further development is required with respect to the duty to notify.

Next, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384 (1993). The claims file contains the Veteran's service treatment records, as well as post-service reports of VA and private treatment and examination. Moreover, the Veteran's statements in support of the claim are of record, including testimony provided at an August 2015 before the undersigned. The Board has carefully reviewed such statements and concludes that no available outstanding evidence has been identified. The Board has also perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claim. 

For the above reasons, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist the Veteran in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).


Regulations and Analysis

The Veteran was service-connected effective June 2, 1969 at a noncompensable rating for the residuals of his fracture to his left tenth rib. In a September 2006 rating decision, the Veteran was allowed a 10 percent disability rating. In December 2008, the Veteran submitted a claim for an increased rating, which is the subject of the instant appeal.

Disability ratings are determined by the application of the VA's Schedule for Rating Disabilities. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § Part 4 (2015). Ratings for service-connected disabilities are determined by comparing the Veteran's symptoms with criteria listed in VA's Schedule for Rating Disabilities, which is based, as far as practically can be determined, on average impairment in earning capacity. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7. 

A veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Here, the relevant evidentiary window begins one year before the Veteran filed his claim for an increased rating and continues to the present time. The Board will also consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

The Veteran's residuals of fracture of the left tenth rib is evaluated under Diagnostic Code 5297. 38 C.F.R. § 4.71a. Under DC 5297, resection of one or more ribs, without regeneration, warrants a 10 percent rating. Resection of two ribs warrants a 20 percent rating. Resection of three or four ribs warrants a 30 percent rating. Resection of five or six ribs warrants a 40 percent rating. Resection of more than six ribs warrants a 50 percent rating. Note 1 to DC 5297 provides that the rating for rib resection or removal is not to be applied with ratings for purulent pleurisy, lobectomy, pneumonectomy or injuries of pleural cavity. Note 2 to DC 5297 provides that rib resection will be considered as rib removal in thoracoplasty performed for collapse therapy or to accomplish obliteration of space and will be combined with the rating for lung collapse, or with the rating for lobectomy, pneumonectomy or the graduated ratings for pulmonary tuberculosis. 

In a VA examination dated February 2009, the Veteran reported pain in his left lower chest wall constantly. The Veteran indicated that he had never been hospitalized or had surgery for his residuals of fracture of the left tenth rib. His functional impairment was limitation to twisting and heavy lifting, or reaching with his left arm. Objective examination of his ribs showed a mild bony prominence in the left tenth rib at the axillary region, caused by the blunt trauma to the left lower rib cage. The rib x-ray was within normal limits. There was no evidence of fracture or deformity of the ribs; the costotransverse alignments were intact; and the adjacent pleural surfaces were normal.

In April 2012, the Veteran had a VA authorized examination. The Veteran had no current symptoms in regards to his residuals of fracture of the left tenth rib, to include no pulmonary or respiratory conditions. April 2012 rib x-rays were normal.

The Veteran testified in August 2015 that he had symptoms which could be due to the fracture of his rib to include headaches, dizziness, shortness of breath and severe back pain.

The Veteran was afforded additional examinations in February 2016. The Veteran denied any residuals of fracture of the left tenth rib; he indicated that he had no pain, no respiratory problems and no muscle disability.

VA treatment records don't reveal any treatment for the Veteran's residuals of fracture of the left tenth rib.

Based on the evidence above, the Board finds that the Veteran's residuals of fracture of the left tenth rib has not approximated the criteria for an increased rating under Diagnostic Code 5297. The evidence of record does not show that the Veteran has had more than two ribs removed as required for the next higher rating under DC 5297 and there are no other identified residuals to warrant consideration of other diagnostic codes. Therefore, the Board finds that as the Veteran is already being compensated for his pain associated with his residuals of fracture of the left tenth rib, without any evidence of other significant limitation, granting a higher rating under DC 5297 based on pain alone would constitute impermissible pyramiding. See 38 C.F.R. § 4.14. 

For the foregoing reasons, the Board finds that the Veteran's claim for higher rating must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim for higher rating, that doctrine is not applicable. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

The Board must also determine whether the schedular evaluation is inadequate, thus requiring that the RO refer a claim to the Chief Benefits Director or the Director, Compensation and Pension Service, for consideration of "an extra-schedular evaluation commensurate with the average earning capacity impairment due exclusively to the service-connected disability or disabilities." 38 C.F.R. § 3.321(b)(1) (2015).

An extra-schedular evaluation is for consideration where a service-connected disability presents an exceptional or unusual disability picture. An exceptional or unusual disability picture occurs where the diagnostic criteria do not reasonably describe or contemplate the severity and symptomatology of the Veteran's service-connected disability. Thun v. Peake, 22 Vet. App. 111, 115 (2008). 

If there is an exceptional or unusual disability picture, then the Board must consider whether the disability picture exhibits other factors such as marked interference with employment or frequent periods of hospitalization. Id. at 115-116. When either of those elements has been satisfied, the appeal must be referred for consideration of the assignment of an extraschedular rating. Otherwise, the schedular evaluation is adequate, and referral is not required. 38 C.F.R. § 3.321(b)(1); Thun, 22 Vet. App. at 116.

In this case, the Board finds that neither the first nor second Thun element is satisfied here. The Veteran's service-connected residuals of fracture of the left tenth rib are manifested by signs and symptoms such as pain. These signs and symptoms are contemplated by the rating schedule. In short, there is nothing exceptional or unusual about the Veteran's residuals of fracture of the left tenth rib because the rating criteria contemplate his symptomatology. Thun, 22 Vet. App. at 115.

With respect to the second Thun element, the evidence does not suggest that any of the "related factors" are present. In particular, there is no indication that the Veteran is not unemployable due to his service-connected residuals of fracture of the left tenth rib and he has not been hospitalized during the relevant period for any residuals of fracture of the left tenth rib. The Board finds, therefore, that the Veteran's service-connected residuals of fracture of the left tenth rib do not result in marked interference with employment or frequent periods of hospitalization. 38 C.F.R. § 3.321(b)(1). Thus, referral for consideration of extraschedular rating is not warranted.

ORDER

Entitlement to an evaluation in excess of 10 percent for residuals of fracture of the left tenth rib is denied.


REMAND

Regarding the Veteran's claim for service connection for skeletal deterioration, the Veteran claims that his condition is secondary to his service-connected residuals of fracture of the left tenth rib. The Veteran underwent VA ankle and back examinations in April 2012. For the back condition, the examiner provided a diagnosis of chronic lumbosacral strain, spondylosis with degenerative disc disease (DDD) and facet joint arthritis, L3-4, L4-5, L5-S1. For the ankle, the examiner provided a diagnosis of status post right ankle fracture. The examiner found that the Veteran's back condition was less likely than not proximately due to or the result of the Veteran's service-connected condition, because there was "no evidence of a common underlying predisposing condition for the rib fracture and the lumbar spine condition." The examiner also found that the Veteran's ankle condition was less likely than not proximately due to or the result of the Veteran's service-connected condition, because there was "no evidence of a common underlying predisposing condition for the rib fracture and the right ankle condition." 

In this case, the examiner's statement there was "no evidence of a common underlying predisposing condition" was conclusory and there was no support given for the opinion or citation to relevant evidence. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (noting that most of the probative value of a medical opinion comes from its reasoning); Stefl v. Nicholson, 21 Vet. App. 120, 125 (2007) (holding that "the mere conclusion by a medical doctor is insufficient to allow the Board to make an informed decision as to what weight to assign to the doctor's opinion"). 

The Veteran submitted an October 2015 statement from Dr. J.G., who stated that the Veteran was seen for an orthopedic evaluation in August 2015 and September 2015. Dr. J.G. noted that the Veteran was in seven years of active duty and three years of reserve, and while in the military he was playing football and broke his ribs, and that the Veteran was currently being treated for back pain and hip pain. Dr. J.G. also noted that an MRI showed a very large disc herniation at L4-L5, and that x-rays showed that the Veteran had degenerative arthritis of both hips and is in need of a hip replacement. He concluded that it was his opinion that the Veteran's musculoskeletal problems, including his back and hip, are related to the seven years of active duty service and three years of reserve service. However, the Board notes that the opinion lacks any rationale for its conclusion. 

Based on the above, the Board found in December 2015 that a remand was required for an additional VA examination and medical opinion with an adequate rationale. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

A private opinion dated February 2016 from Dr. J.T. was submitted by the Veteran. The examiner attributed the Veteran's current disabilities to playing football in-service, when he had multiple injuries and one severe injury. The provider indicated that the repetitive trauma of playing football resulted in spine and hip disabilities. However, service treatment records indicate that the Veteran was found to be physically qualified to participate in "varsity football" on September 17, 1965. The Veteran's rib injury was September 27, 1965. There is no other indication of a football injury, or actually any injury to the Veteran's back or hips, during active service. See Owens v. Brown, 7 Vet. App. 429, 433 (1995) (an opinion that is based on review of the medical evidence is more probative than an opinion that is based on the veteran's reported history). The Veteran is free to seek a supplemental private medical opinion from Dr. J.T. if he wishes.

The February 2016 VA examination report indicates that Veteran's arthritis is due to the aging process, also noting that the Veteran's low back disabilities manifested in 2005 and his hip osteoarthritis manifested in 2015; both many years post-service. The examiner also indicated that radiographic degenerative arthritis at the age of 66 is not an unexpected finding and would not be considered "premature." The examiner additionally stated that a previously healed uncomplicated rib fracture would not result in skeletal deterioration or generalized degenerative arthritis. Unfortunately, the examiner did not comment on aggravation and is apparently not an orthopedist, as ordered by the remand. Thus, an additional opinion must be obtained on remand.

The Board's remand conferred on the veteran the right to compliance with the remand orders, as a matter of law. See Stegall v. West, 11 Vet. App. 268, 271 (1998). However, as already explained herein, the Board's remand orders were not fully complied with. Thus, the AOJ is required to conduct the development requested by the Board in order for the Veteran's claim to be fully and fairly adjudicated. 

Ongoing medical records should also be obtained. 38 U.S.C.A. § 5103A(c) (West 2002); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA treatment records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Advise the Veteran that he may submit a supplemental medical opinion from Dr. J.T. (who provided the February 2016 private opinion), which includes a fully articulated medical rationale for his opinion that the Veteran's musculoskeletal problems, including his back and hip, are related to service, with reference to the Veteran's medical history.

2. Obtain updated VA treatment records from the VA Greater Los Angeles Healthcare System and all associated clinics, as well as any other VA facility identified by the Veteran or in the record, for the period of January 2016 to the present.

3. Schedule the Veteran for a VA examination with an appropriate specialist (orthopedist) to assess the nature and etiology of his claimed skeletal deterioration. The claims file and a copy of this remand must be made available to and reviewed by the examiner in conjunction with the examination. All necessary tests and a complete examination should be conducted.

The examiner is asked to identify all the Veteran's disorders manifested by skeletal deterioration.

The examiner should provide an opinion as to whether it is at least as likely as not that any identified disabilities are related to service or any incident of service to include the in-service football injury. The examiner must comment on the private opinions of record from Dr. J.T. and Dr. J. G.

The examiner should provide an opinion as to whether it is at least as likely as not that any identified disabilities were caused or aggravated (i.e., permanently worsened beyond the nature progress of the disease) by the Veteran's service-connected residuals of fracture of the left tenth rib.

The examiner is requested to provide a complete rationale for any opinion expressed, based on the examiner's clinical experience, medical expertise, and established medical principles. In rendering these opinions, the examiner should acknowledge the medical evidence of record, as well as the Veteran's lay statements, and any other relevant information.

4. After completion of the above requested development, and any other development deemed necessary, readjudicate the claims on appeal. If the benefits sought on appeal remain denied, furnish the Veteran and his representative a supplemental statement of the case (SSOC), and afford them the opportunity to respond before the claims file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs